UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| RAMANDEEP K. DHILLON, | ) | CASE NO.  5:07CV3505 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| vs. | ) | |
| | ) | |
| THE CLEVELAND CLINIC | ) | **MEMORANDUM OF OPINION** |
| FOUNDATION, | ) | **AND ORDER** |
| | ) | [Resolving Doc. 47] |
| Defendant. | ) | |
| | ) | |

This matter is before the Court on Defendant Cleveland Clinic Foundation's Motion to Dismiss in Part the Amended Complaint (Doc. 47).  The Court has been advised, having reviewed the Amended Complaint and attachments thereto; Defendant's Motion to Dismiss, the Response in Opposition thereto, and Defendant's Reply; and applicable law.  For the reasons set forth herein, Defendant's Motion is GRANTED IN PART AND DENIED IN PART.

I.      **Statement of Facts**

The facts set forth herein are as stated in the Amended Complaint.  Plaintiff, Dr. Ramandeep K. Dhillon (Plaintiff), was employed in the Family Medicine Department at Defendant's facility in Wooster, Ohio.  She was first hired in August 1997 and received a one-year contract each successive year until December 2006.

Plaintiff contends that, as part of the contract, both Plaintiff and Defendant were required to follow professional staff policies, and Plaintiff was entitled to disability benefits and short-term wage continuation.  The disability plans were administered by Defendant and provided for review of claims both by the Board of Governors and the Physician Health Committee.  Further, Defendant is an employer subject to the Family and Medical Leave Act ("FMLA").

According to the Amended Complaint, at all relevant times Plaintiff suffered from "several serious medical conditions" that "substantially affect[ed] her daily life activities." (Compl. at 26.)[1] Despite these conditions, Plaintiff contends that she was able to perform her job duties with reasonable accommodations.  Plaintiff says that she informed Defendant of her condition, though she does not state when she did so.

In 2002, Plaintiff's employer permitted her to work reduced hours for a commensurate reduction in her compensation, and "[f]or a brief period of time," Plaintiff was relieved of night duty in accordance with her physician's recommendation.  (Comp. at 32.)  Plaintiff appears to contend that this relief from night duty work was eliminated at some point.  She further alleges that she was not permitted to take breaks during the day, as necessary.  She informed the administrator at the Wooster facility on March 31, 2006, that she required an accommodation, and specifically that she was unable to work night duty.  She spoke with the assistant administrator a few months later.  Plaintiff alleges that Defendant continued to assign her to night duties despite these meetings.

On August 10, 2006, Defendant informed Plaintiff that she would be relieved of her duties, but that her wages would continue, though the Amended Complaint does not indicate whether those wages did continue for any length of time and, if so, when Defendant ceased to pay Plaintiff's wages.  Plaintiff reiterated her health concerns to Defendant, and she understood that she was being placed on medical leave as a result of those concerns.  She contends in her Amended Complaint that she "immediately" sought disability benefits (Compl. at 42), but that Defendant did not assist her in her efforts or provide information to her about its disability benefits plan when her legal representative made an inquiry on her behalf in September 2006.

---

[1] All references to the Amended Complaint are to the paragraph numbers therein.

She contends that she was never provided an application for disability benefits, nor did Defendant initiate action by the Physician Health Committee.

According to Plaintiff, her treating physician certified on October 10, 2006, that she was unable to return to work until the beginning of 2007, and that she was undergoing continued treatment and evaluation.  The treating physician further requested accommodations, "including part-time assignment and no night shift duties."  (Compl. at 49.)  Plaintiff's legal representative again inquired about disability benefits on October 12, 2006, forwarding the treating physician's evaluation and informing Defendant that Plaintiff's rights under the ADA and FMLA were being violated, but Defendant did not provide the requested information.  Plaintiff believes that, despite being given her permission to review her records and speak with her physicians, Defendant did not undertake a review of her case to evaluate her entitlement to disability benefits.  She provided one additional physician's report in May 2007 that again requested accommodations of limited hours, rest breaks and no night shift duty.  She then filed this action in November 2007.

Plaintiff apparently takes issue with Defendant's Administrative Record, certified by Defendant to be the complete Administrative Record regarding Plaintiff's claim for benefits. Plaintiff repeatedly refers to the file as the "claim file," using quotation marks, and noting that there is no evidence in this file that the Board of Governors reviewed the file or considered permitting Plaintiff to continue her employment.  She also draws attention to the letter filed by Defendant at the direction of the Court in which Defendant expressly denies Plaintiff's claims for disability benefits.  Plaintiff notes that no reasons are given in the letter, nor does the letter refer to any findings made by the Physicians Health Committee.

3

**II.      Applicable Legal Standard**

As the Court of Appeals for the Sixth Circuit stated in *Ass'n of Cleveland Fire Fighters v.*

*City of Cleveland*, 502 F.3d 545 (6th Cir. 2007):

> The Supreme Court has recently clarified the law with respect to what a plaintiff
> must plead in order to survive a Rule 12(b)(6) motion.  *Bell Atl. Corp. v.*
> *Twombly*, 550 U.S. 544, 127 S.Ct. 1955, (2007).   The Court stated that "a
> plaintiff's obligation to provide the grounds of his entitlement to relief requires
> more than labels and conclusions, and a formulaic recitation of the elements of a
> cause of action will not do."   *Id*. at 1964-65 (citations and quotation marks
> omitted).  Additionally, the Court emphasized that even though a complaint need
> not contain "detailed" factual allegations, its "[f]actual allegations must be
> enough to raise a right to relief above the speculative level on the assumption that
> all the allegations in the complaint are true."  *Id*. (internal citation and quotation
> marks omitted).  In so holding, the Court disavowed the oft-quoted Rule 12(b)(6)
> standard of *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957) (recognizing "the
> accepted rule that a complaint should not be dismissed for failure to state a claim
> unless it appears beyond doubt that the plaintiff can prove no set of facts in
> support of his claim which would entitle him to relief"), characterizing that rule as
> one "best forgotten as an incomplete, negative gloss on an accepted pleading
> standard." *Twombly*, 127 S.Ct. at 1969.

*Id*. at 548.

In reviewing a motion to dismiss for failure to state a claim upon which relief could be

granted, the court must accept the allegations in the complaint as true.  *Cruz v. Beto*, 405 U.S.

319, 322 (1972).  If an allegation in the complaint is capable of more than one inference, the

court must construe it in the plaintiff's favor.  *Columbia Natural Resources, Inc. v. Tatum*, 58

F.3d 1101, 1109 (6th Cir. 1995).  The Court may not grant a Rule 12(b)(6) motion merely

because it may not believe a plaintiff's factual allegations.  *Id*.  Although this is a liberal standard

of review, the plaintiff still must do more than merely assert bare legal conclusions.  *Id*.  To

survive a Rule 12(b)(6) motion to dismiss, the plaintiff's complaint must allege either "direct or

inferential" allegations regarding all of the material elements necessary to sustain recovery under

"some" viable legal theory.  *Id.*, citing *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988).

## III.    Analysis

Based upon the facts as set forth above, Plaintiff makes claims for violations of ERISA (29 U.S.C. § 1001, *et seq.*) and the FMLA (29 U.S.C. § 2601, *et seq.*), for state law disability discrimination and for breach of contract.  Defendant has moved to dismiss some of Plaintiff's possible claims under ERISA, her claims under the FMLA, and her breach of contract claim.

### A.    ERISA claims

Defendant moves to dismiss Plaintiff's claims under ERISA on the basis of the vagueness of those claims and the fact that Plaintiff did not specify under which sections of ERISA she was pursuing claims.  Defendant is correct that, other than identifying the chapter of the United States Code in which the entirety of ERISA appears, Plaintiff does not specify a single provision of ERISA that would give rise to her claims.

However, Defendant has specified in its Motion which sections of ERISA would permit Plaintiff's claims.  Clearly, Defendant was on notice regarding the claims Plaintiff was bringing. The Court declines to dismiss Plaintiff's ERISA claims on the basis of her failure to specify the sections of ERISA giving rise to them.

In an attempt to limit or define Plaintiff's ERISA claims, Defendant has argued that some possible claims fail as a matter of law, pointing specifically to §§ 502(a)(2) and (a)(3) (29 U.S.C. §§ 1132(a)(2) and (a)(3)), which it argues either are not supported by the facts or are precluded by other sections of ERISA under which Plaintiff might successfully bring claims.  The relevant portion of the statute provides as follows:

(a) **Persons empowered to bring a civil action**

A civil action may be brought –

(1) by a participant or beneficiary –

    (A)  for the relief provided for in subsection (c) of this section, or

    (B)  to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan;

(2)  by the Secretary, or by a participant, beneficiary or fiduciary for appropriate relief under section 1109 of this title;

(3) by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan.

29 U.S.C. § 1132.

Defendant first argues that any claims Plaintiff might bring under § 502(a)(2) of ERISA (§ 29 U.S.C. § 1132(a)(2)) should fail as a matter of law because Plaintiff has not pled facts that would support such a claim.  Under that section, a plaintiff must seek recovery on behalf of the plan and not individually.  *See, e.g., Pfahler v. National Latex Products Co.*, 517 F.3d 816, 825 (6th Cir. 2007) (citing *Mass. Mut. Life Ins. Co.*, 473 U.S. 134, 140 (1985)).  Plaintiff is clearly seeking individual recovery on her ERISA claims.  Therefore, to the extent that her Amended Complaint may have stated a claim under § 502(a)(2), that claim is dismissed.

Next, Defendant contends that Plaintiff may not bring a claim under § 502(a)(3) because this section is intended only to provide equitable relief to those plan participants who are not able to seek relief under another provision in § 502.  In support of this contention, Defendant cites the United States Supreme Court decision in *Varity Corp v. Howe*, 516 U.S. 489, 515 (1996).  The Court declines to decide whether the *Howe* decision supports Defendant's contention in this instance because it is not yet clear whether Plaintiff may bring a claim under § 502(a)(1)(B), though Defendant does concede that "§ 502(a)(1)(B) unquestionably provides Plaintiff a remedy

for a wrongful denial of benefits, to the extent that Defendant['s] denial was wrongful at all."

(Mot. to Dismiss at p. 7.)  If it becomes apparent at a later stage in the litigation that some

provision of § 502 other than § 502(a)(3) will "adequately remedy" Plaintiff for her alleged loss,

any attempt to recover under § 502(a)(3) will be addressed at that time.  *See Howe*, 516 U.S. at

515.  Defendant's Motion with respect to a claim under § 502(a)(3) is therefore denied.

Finally, Defendant challenges Plaintiff's attempts to recover for a breach of fiduciary

duty by Defendant as the ERISA plan administrator.  Plaintiff has alleged in her Amended

Complaint that Defendant failed to provide requested plan materials after Defendant's

administrators relieved her of her duties.  Plaintiff contends that this amounts to discrimination.

Defendant argues in its Motion that Plaintiff may intend to base her discrimination claim upon

§ 510 of ERISA (29 U.S.C. § 1140), which reads, in relevant part, as follows:

> It shall be unlawful for any person to discharge, fine, suspend, expel, discipline,
> or discriminate against a participant or beneficiary for exercising any right to
> which he is entitled under the provisions of an employee benefit plan . . . or for
> the purpose of interfering with the attainment of any right to which such
> participant may become entitled under the plan.

Defendant carefully explains the burden shifting framework that applies to claims arising under

§ 510, which begins with Plaintiff's setting forth a prima facie case of discrimination and is

followed by the employer's rebutting the presumption of discrimination with evidence of a

"legitimate, non-discriminatory reason for its challenged action."  (Mot. to Dismiss at 8 (citing

*Smith v. Ameritech*, 129 F.3d 857, 865 (6th Cir. 1997)).

As set forth above, the Court is required to accept the allegations in the Complaint as true

when ruling on a motion to dismiss for failure to state a claim.  *See Cruz*, 405 U.S. at 322 (1972).

Plaintiff has pled facts sufficient to support a claim for interference with her rights under ERISA,

and Defendant's attempt to dismiss potential claims is premature.  Defendant's motion to dismiss

any claims Plaintiff may have brought under § 510 is denied.

7

###### B.       FLMA claims

Plaintiff has alleged that she was not granted leave that was due to her under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, *et seq.*, and that Defendant discriminated against her for the FMLA leave that she sought.  Defendant contends that Plaintiff's claims under the FMLA must be dismissed because she has failed to plead facts sufficient to support her claim.  Defendant points specifically to what it identifies as Plaintiff's failure to allege that she properly sought leave and gave notice to Defendant that the leave sought was related to a serious medical condition, such that the leave would be covered by the FMLA.

Under the FMLA, there are two distinct theories of recovery, both of which have been carefully outlined by the Sixth Circuit Court of Appeals:   the entitlement theory and the retaliation theory.  *Edgar v. JAC Products, Inc.*, 443 F.3d 501, 507-508 (6th Cir. 2006).  "Under the entitlement theory (which some courts refer to as the interference theory) the issue is simply whether the employer provided its employee the entitlements set forth in the FMLA."  *Id.* at 507 (quoting *Arban v. West Pub. Co.*, 345 F.3d 390, 400-401 (6th Cir. 2003) (internal quotations omitted)).

> To prevail on an entitlement claim, an employee must prove that: (1) she was an eligible employee, (2) the defendant was an employer as defined under the FMLA, (3) she was entitled to leave under the FMLA, (4) she gave the employer notice of her intention to take leave, and (5) the employer denied the employee FMLA benefits to which she was entitled.

*Id.* at 507 (citing *Walton v. Ford Motor Co.*, 424 F.3d 481, 485 (6th Cir. 2005)).

Alternatively, "[u]nder the retaliation theory (also known as the discrimination theory) . . . , the employer's motive is an integral part of the analysis."  *Edgar*, 443 F.3d at 508 (citing *Hodgens v. Gen. Dynamics Corp.*, 144 F.3d 151, 160 (1st Cir. 1998).  A plaintiff may make out a prima facie case of discrimination by demonstrating that

(1) she availed herself of a protected right under the FMLA by notifying [the employer] of her intent to take leave, (2) she suffered an adverse employment action, and (3) . . . there was a causal connection between the exercise of her rights under the FMLA and the adverse employment action.

*Edgar*, 443 F.3d at 508 (citing *Skrjanc v. Great Lakes Power Serv. Co.*, 272 F.3d 309, 314 (6th Cir. 2001).  Should an employee make out a prima facie case of discrimination, the burden of proof would then shift to Defendant "to proffer a legitimate, non-discriminatory rationale for discharging the employee." *Id.* (citing *Skrjanc*, 272 F.3d at 315.)

Plaintiff's claim under the FMLA is not artfully pled.  Her counsel doubtless could have included substantially more information regarding the particulars of Plaintiff's claims, notably the specific instances of requests for intermittent leave or the outline of the causal connection between her requests and any adverse employment action.  However, the Amended Complaint does give a bare minimum of necessary facts to put Defendant on notice as to the nature of Plaintiff's claims.  She has alleged that she had a serious medical condition of which Defendant was aware, that she sought to take breaks, that she was denied that opportunity, and that she was ultimately discharged.  The Court will not dismiss these claims on the grounds argued by Defendant, and the Motion as to Plaintiff's FMLA claims is therefore denied.

### C.    Breach of contract

Defendant's final argument in its Motion to Dismiss is that Plaintiff's claim for breach of contract should be dismissed because it is preempted by ERISA.  In her Amended Complaint, Plaintiff has alleged that she and Defendant had a contract that "incorporated by reference numerous policies" that Plaintiff thought would be enforced (presumably policies that would govern Defendant's actions as well as Plaintiff's); that, according to state law, Defendant breached the contract and "intentionally and maliciously refused to enforce" those policies; and that Plaintiff suffered lost wages and benefits as well as various other non-economic damages.

9

No further details are given as to the terms of the employment contract or the nature of Plaintiff's claims regarding the alleged breach.

Defendant argues that any breach of contract claim regarding the denial of benefits is preempted by ERISA, citing *Metropolitan Life Ins. Co. v. Massachusetts*, 471 U.S. 724, 730 (1985).  Based upon the authority in *Metropolitan Life*, the Court agrees.  Insofar as Plaintiff's breach of contract claim relates to the denial of benefits, it is dismissed.  However, in Plaintiff's scantily pled breach of contract claim, there is the suggestion of a basis other than the denial of benefits.  Any claim not related to the denial of benefits, and therefore not preempted by ERISA, may stand, and Defendant's Motion is denied as to any such claim.  However, the Court would note that this claim – like the other claims in Plaintiff's Amended Complaint – is bare at best.

## IV.    Conclusion

Defendant's Motion is granted as to any claim under § 502(a)(2) of ERISA, as well as any preempted claim for denial of benefits as part of Plaintiff's breach of contract claim.  The Court has repeatedly noted that Plaintiff's claims are extremely vague and do not provide the specifics that would permit Defendant to understand the nature of those claims.  However, the Court cognizant of the fact that Defendant did not attempt to move for a more definite statement under Fed. R. Civ. P. 12(e), is loath to dismiss Plaintiff's claims.

Therefore, Plaintiff shall file, on or before January 5, 2009, a second amended complaint that provides *details* regarding her claims – including but not limited to specific dates for the events necessary to support each of her claims and particular provisions of statutes or of her contract that she believes have been violated – so that Defendant may properly address those claims and conduct necessary discovery.  This deadline will not be extended absent extreme circumstances, and the requirement of a detailed complaint will not be relaxed.  Further,

Plaintiff's second amended complaint shall incorporate the determinations within this opinion, and any claims that have been dismissed by the Court will not be reasserted by Plaintiff.

The Court will entertain a motion from Defendant for leave to dismiss all or part of Plaintiff's second amended complaint.  However, Defendant shall also be prepared to answer the second amended complaint within 20 days of its filing so that this matter may move forward.

IT IS SO ORDERED.

DATED:  December 8, 2008                    */s/ John R. Adams*_____
                                                               Judge John R. Adams
                                                               UNITED STATES DISTRICT COURT