UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| RAMANDEEP K. DHILLON, | ) | CASE NO. 5:07CV3505 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| vs. | ) | |
| | ) | |
| THE CLEVELAND CLINIC | ) | **ORDER** |
| FOUNDATION, | ) | [Resolving Doc. 59] |
| | ) | |
| Defendant. | ) | |
| | ) | |

Before the Court is Defendant's Motion ("Motion") to Dismiss Plaintiff's Second Amended Complaint, in part (Doc. 59). The Court has been advised, having reviewed the Motion, the Response in Opposition and the Reply, as well as other relevant filings and case law. For the reasons set forth herein, the Motion is GRANTED IN PART, DENIED IN PART.

**I.     Background**

This action was initiated on November 9, 2007, as a claim for long-term disability benefits under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, *et seq.* A dispute arose in June 2008 regarding a purported settlement agreement. After a hearing on Defendant's Motion to Enforce the Settlement Agreement (Doc. 16), and after all of Plaintiff's counsel of record at the time sought to withdraw, the court denied Defendant's motion and allowed the withdrawal of all counsel. Current Plaintiff's counsel did not become involved in this action until June 13, 2008, just after Defendant filed the Motion to Enforce.

On July 23, 2008, Plaintiff filed a motion to amend her complaint (Doc. 32). The Court held conference on July 31, 2008, at which time it discussed with Plaintiff the amended complaint she sought to file and gave Plaintiff until September 2, 2008, to file a new motion to amend setting forth her reasons for seeking an amendment and attaching the proposed amended

complaint.  It gave Defendant fourteen days from the date of that filing to file a response.  All of these dates were set forth in an Order posted by the Court on August 6, 2008 (Doc. 36).

Plaintiff filed her motion to amend on September 2, 2008 (Doc. 42), attaching the proposed amended complaint.  Defendant filed its opposition (Doc. 44) on September 16.  After the Court held a telephone conference on Plaintiff's Motion, she posted her Amended Complaint (Doc. 47) on September 19, 2008.  Defendant then filed a motion to dismiss portions of the Amended Complaint (Doc. 50), which the Court granted in part on December 8, 2008 (Doc. 57).  The Court ordered Plaintiff to file a second amended complaint, and cautioned that the amendment was not to reassert those claims dismissed by the Court, and that she should include "*details* regarding her claims – including but not limited to specific dates for the events necessary to support each of her claims and particular provisions of statutes or of her contract that she believe[d] ha[d] been violated."  *See* Doc. 57 (emphasis in original).

The Court now incorporates the fact statement as set forth in its Order (Doc. 57) granting in part Defendant's Motion to Dismiss the Amended Complaint.  Plaintiff has not altered her fact statement at all between her Amended Complaint (Doc. 47) and her Second Amended Complaint (Doc. 58), except to add a paragraph regarding Defendant's filing of the claim file.  *See* 2nd Am. Compl. at ¶ 59.

**II.     Applicable legal standard**

As the Court of Appeals for the Sixth Circuit stated in *Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545 (6th Cir. 2007):

> The Supreme Court has recently clarified the law with respect to what a plaintiff must plead in order to survive a Rule 12(b)(6) motion.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, (2007).  The Court stated that "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Id*. at 1964-65 (citations and quotation marks

2

> omitted).  Additionally, the Court emphasized that even though a complaint need not contain "detailed" factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true."  *Id*. (internal citation and quotation marks omitted).  In so holding, the Court disavowed the oft-quoted Rule 12(b)(6) standard of *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957) (recognizing "the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief"), characterizing that rule as one "best forgotten as an incomplete, negative gloss on an accepted pleading standard."  *Twombly*, 127 S.Ct. at 1969.

*Id*. at 548.

In reviewing a motion to dismiss for failure to state a claim upon which relief could be granted, the court must accept the allegations in the complaint as true.  *Cruz v. Beto*, 405 U.S. 319, 322 (1972).  If an allegation in the complaint is capable of more than one inference, the court must construe it in the plaintiff's favor.  *Columbia Natural Resources, Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995).  The Court may not grant a Rule 12(b)(6) motion merely because it may not believe a plaintiff's factual allegations.  *Id*.  Although this is a liberal standard of review, the plaintiff still must do more than merely assert bare legal conclusions.  *Id*.  To survive a Rule 12(b)(6) motion to dismiss, the plaintiff's complaint must allege either "direct or inferential" allegations regarding all of the material elements necessary to sustain recovery under "some" viable legal theory.  *Id*., citing *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988).

## III. Legal analysis

Defendant moves for dismissal of Count One, in part, as well as Counts Two and Four in their entirety.  The Court will address each count in turn, though in a different order from that set forth both in the Second Amended Complaint and in Defendant's Motion to Dismiss.

### A. ERISA Claims (Count One)

In arguing that the Court should dismiss Count One in part, Defendant argues a series of possible permutations of Plaintiff's claims in that Count based upon the statutes under which Plaintiff is attempting to bring her claims. Defendant's argument *may* be exhaustive, but it is indisputably involved and complicated. Because the ERISA statute is complex and the cross-references plentiful, it is not clear whether Defendant has addressed every possible argument Plaintiff could bring based upon the statutes she has cited and the cross-references Defendant has inferred. While Defendant's arguments may ultimately be found to be meritorious, Plaintiff's possible avenues of relief are not yet entirely clear. At this stage in the litigation, the Court is unwilling to cull Plaintiff's ERISA claims further than it already has. *See* Doc. 57.

Since the filing of her First Amended Complaint, Plaintiff has provided statutes under which she intends to pursue her claims. Defendant is now on notice regarding the ERISA claims. When Plaintiff's contentions are more thoroughly parsed through continued litigation, the Court will entertain Defendant's arguments via dispositive motion. Defendant's motion regarding Plaintiff's ERISA claims is denied.

### B. Contract Claims (Count Four)

Defendant next argues that Plaintiff's contract claims should be dismissed on the basis of her failure to allege the particulars of her claims. The Court finds that Plaintiff has alleged more particulars of her claims than she alleged in her First Amended Complaint. She has included six provisions of her contract that she alleges were breached. Defendant's argument in support of dismissal of these claims is that Plaintiff has specified that her claims are not limited to breach of the enumerated contract provisions, that the contract did not include these provisions, or that the contract was modified by the parties' course of performance.

Defendant's arguments are ones the Court will take up during the dispositive motion stage, if necessary. The Court finds that Plaintiff has stated a claim for breach of contract by referring to provisions allegedly breached and making some attempt to be more specific with respect to this claim than she had been in her First Amended Complaint. Defendant's motion as to this claim is denied.

### C. FMLA Claims (Count Two)

Defendant next argues that the Court should dismiss Plaintiff's FMLA claim for lack of details in support of her claim. Defendant claims that Plaintiff has not pled any facts in support of her claims under the FMLA, 29 U.S.C. 2601.

When Plaintiff raised her FMLA claim in the First Amended Complaint, Defendant moved to dismiss that claim because Plaintiff had failed to plead any facts in support. The Court stated that "Plaintiff's claim under the FMLA is not artfully pled. Her counsel doubtless could have included substantially more information regarding the particulars of Plaintiff's claims, notably the specific instances of requests for intermittent leave or the outline of the causal connection between her requests and any adverse employment action." (Doc. 57 at 9). The Court ruled that it would allow the FMLA claim to stand, but concluded that "Plaintiff's claims are extremely vague and do not provide the specifics that would permit Defendant to understand the nature of those claims." Because Defendant had not moved for a more definite statement, the Court did not dismiss even the poorly pled claims, and instead provided Plaintiff another opportunity to make those claims with enough specificity that Defendant could prepare to defend against them: "Plaintiff shall file . . . a second amended complaint that provides *details* regarding her claims – including but not limited to specific dates for the events necessary to support each of her claims and particular provisions of statutes or of her contract that she

5

believes have been violated – so that Defendant may properly address those claims and conduct necessary discovery." (Doc. 57 at 10 (emphasis in original)).

As set forth in the Court's prior Order (Doc. 57), there are two theories of recovery under the FMLA, the entitlement theory and the retaliation theory. The Court hereby incorporates its discussion of those two theories herein, without repeating them. *See* Doc. 57 at 8-9.

While Plaintiff has made bare assertions regarding the elements of an FMLA claim under either theory, she has clearly avoided stating any specifics, despite the Court's order that she do so. The Second Amended Complaint filed by Plaintiff states her FMLA claim precisely as her First Amended Complaint did, with the addition of statutory citations, and constitutes no more than a "formulaic recitation of the elements of [her] cause of action." *See Ass'n of Cleveland Fire Fighters*, 502 F.3d at 548. Plaintiff has alleged that she was entitled to leave because of "her serious medical conditions"; that Defendant refused to provide that leave and interfered with and retaliated against Plaintiff's attempts to take leave; and that, as a result, Plaintiff suffered various damages. In her statement of facts, which is also nearly identical to that contained in the First Amended Complaint, Plaintiff has made reference to her serious medical conditions of which she asserts Defendant was aware. 2nd Am. Compl. at ¶ 27-29. She has alluded to the fact that she sought accommodation for those conditions, that for a limited period of time she was permitted to work reduced hours, and that she "was denied the opportunity to take breaks during the day as necessary." Id. at ¶¶ 30-35. The only date provided by Plaintiff is March 31, 2006, on which she states that she met with Tom Kelly, the facility administrator, and told him that she needed a schedule excluding night duty.

Plaintiff at no time identifies her "serious medical conditions." She does not provide the dates on which she informed Defendant of those conditions. Other than the March 31, 2006,

meeting with Tom Kelly, she does not provide dates on which she sought accommodations or the names of the people with whom she spoke regarding her conditions or her need for accommodation. She does not provide the dates on which she sought medical leave under the FMLA.

Plaintiff opens her Second Amended Complaint by stating that she "preserves her objections that she is being required to plead with specificity prior to completion of discovery." The Court notes Plaintiff's objection. However, Plaintiff has not been asked to state facts that are outside her own sphere of knowledge; instead, she has been asked to state sufficient facts to satisfy the notice pleading standard and to give Defendant an idea of the medical conditions and events giving rise to her claims, the facts surrounding those claims, and the statutory authority for the claims. Each of the facts Plaintiff has omitted, as set forth above, is within Plaintiff's own knowledge. She is clearly aware of her "serious medical conditions" and the time frame within which she sought accommodations or leave from Defendant. She is likewise aware of the specific accommodations or leave she sought and the individuals with whom she discussed these accommodations or the use of leave time.

The inescapable conclusion is that she has asserted the skeleton of this claim in the hopes that discovery will support it. The dates she has not supplied—which apparently precede the date of her meeting with Tom Kelly—will require additional discovery from Defendant for claims that may generously be called vague, dating back, presumably, as far as the statute of limitations will allow. Similarly, other facts that Plaintiff has studiously avoided providing might become apparent to her as support for her claims through further discovery. The Court recognizes the liberality of the notice pleading standard. However, that standard is not without limits (*see Ass'n of Cleveland Fire Fighters*, 502 F.3d at 548), and the Court has already allowed

7

Plaintiff ample opportunity to support her claims with even basic facts.  She has declined to do so.  For that reason, and for the reason that her claims fall short of the notice pleading standard, Plaintiff's claims under the FMLA are dismissed.

## IV.     Conclusion

For the reasons set forth above, Defendant's motion with respect to Plaintiff's FMLA claim is GRANTED, and the FMLA claim is DIMISSED.  Defendant's Motion with respect to Plaintiff's ERISA and breach of contract claims is denied.  The stay put in place by the Court on discovery in this matter is hereby lifted, and Defendant shall respond to Plaintiff's motion for summary judgment on all remaining claims within thirty (30) days of this Order.

IT IS SO ORDERED.


Date:  March 31, 2009                    */s/ John R. Adams*
                                                              Judge John R. Adams
                                                              United States District Judge