UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| RAMANDEEP K. DHILLON, | CASE NO.  5:07cv3505 |
| Plaintiff, | JUDGE JOHN R. ADAMS |
| vs. | |
| THE CLEVELAND CLINIC FOUNDATION, | **MEMORANDUM OF OPINION AND ORDER** <br> [Resolving Doc. 76, 95, 98] |
| Defendant. | |

This matter comes before the Court on Defendant's Cross-Motion for Partial Summary Judgment ("Motion") (Doc. 76).  Plaintiff's Motion for Partial Summary Judgment (Doc. 64) has already been denied by the Court (Doc. 105).  Plaintiff has responded in opposition to Defendant's Motion (Doc. 87), and Defendant has replied (Doc. 94).  The Court has been advised, having reviewed these filings as well as the record in this matter and applicable case law.  For the reasons set forth herein, Defendant's Motion is GRANTED IN PART, DENIED IN PART.

**I.    Factual and Procedural Background**

This matter has been the subject of extensive briefing and frequent motions, as reflected in the docket.  The instant Motion is one filed by Defendant in an apparent attempt to narrow the issues brought by Plaintiff pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.*  In the first amended complaint (Doc. 47), Plaintiff did not cite with specificity the ERISA provisions under which she sought to proceed.  Defendant filed a motion to dismiss (Doc. 50) those claims not pled with the specificity of statutory citations.  The Court granted in part Defendant's motion (Doc. 57), dismissing some of Plaintiff's ERISA claims and requiring specificity in the amended complaint it required Plaintiff to file.  Plaintiff

then filed her second amended complaint (Doc. 58) in which she cited the provisions of ERISA under which she brought her claims.

For the sake of economy, the Court reiterates its statement of facts as set forth in the Order on the motion to dismiss (Doc. 57)[1]:

> The facts set forth herein are as stated in the Amended Complaint. Plaintiff, Dr. Ramandeep K. Dhillon (Plaintiff), was employed in the Family Medicine Department at Defendant's facility in Wooster, Ohio. She was first hired in August 1997 and received a one year contract each successive year until December 2006.
>
> Plaintiff contends that, as part of the contract, both Plaintiff and Defendant were required to follow professional staff policies, and Plaintiff was entitled to disability benefits and short term wage continuation. The disability plans were administered by Defendant and provided for review of claims both by the Board of Governors and the Physician Health Committee. Further, Defendant is an employer subject to the Family and Medical Leave Act ("FMLA"). According to the Amended Complaint, at all relevant times Plaintiff suffered from "several serious medical conditions" that "substantially affect[ed] her daily life activities." (Compl. at 26.)[2] Despite these conditions, Plaintiff contends that she was able to perform her job duties with reasonable accommodations. Plaintiff says that she informed Defendant of her condition, though she does not state when she did so.
>
> In 2002, Plaintiff's employer permitted her to work reduced hours for a commensurate reduction in her compensation, and "[f]or a brief period of time," Plaintiff was relieved of night duty in accordance with her physician's recommendation. (Comp. at 32.) Plaintiff appears to contend that this relief from night duty work was eliminated at some point. She further alleges that she was not permitted to take breaks during the day, as necessary. She informed the administrator at the Wooster facility on March 31, 2006, that she required an accommodation, and specifically that she was unable to work night duty. She spoke with the assistant administrator a few months later. Plaintiff alleges that Defendant continued to assign her to night duties despite these meetings.
>
> On August 10, 2006, Defendant informed Plaintiff that she would be relieved of her duties, but that her wages would continue, though the Amended Complaint does not indicate whether those wages did continue for any length of time and, if so, when Defendant ceased to pay Plaintiff's wages. Plaintiff reiterated her health concerns to Defendant, and she understood that she was being placed on medical leave as a result of those concerns. She contends in her Amended Complaint that she "immediately" sought disability benefits (Compl. at 42), but that Defendant did not assist her in her efforts or provide information to

[1] While the statement of facts in the Order on the motion to dismiss was expressly based upon the statement of facts as provided by Plaintiff in her Amended Complaint (Doc. 47), the fact statement in the Second Amended Complaint (Doc. 58) is substantively identical to that in the Amended Complaint.

[2]

> her about its disability benefits plan when her legal representative made an inquiry on her behalf in September 2006. She contends that she was never provided an application for disability benefits, nor did Defendant initiate action by the Physician Health Committee.
>
> According to Plaintiff, her treating physician certified on October 10, 2006, that she was unable to return to work until the beginning of 2007, and that she was undergoing continued treatment and evaluation. The treating physician further requested accommodations, "including part-time assignment and no night shift duties." (Compl. at 49.) Plaintiff's legal representative again inquired about disability benefits on October 12, 2006, forwarding the treating physician's evaluation and informing Defendant that Plaintiff's rights under the ADA and FMLA were being violated, but Defendant did not provide the requested information. Plaintiff believes that, despite being given her permission to review her records and speak with her physicians, Defendant did not undertake a review of her case to evaluate her entitlement to disability benefits. She provided one additional physician's report in May 2007 that again requested accommodations of limited hours, rest breaks and no night shift duty. She then filed this action in November 2007.
>
> Plaintiff apparently takes issue with Defendant's Administrative Record, certified by Defendant to be the complete Administrative Record regarding Plaintiff's claim for benefits. Plaintiff repeatedly refers to the file as the "claim file," using quotation marks, and noting that there is no evidence in this file that the Board of Governors reviewed the file or considered permitting Plaintiff to continue her employment. She also draws attention to the letter filed by Defendant at the direction of the Court in which Defendant expressly denies Plaintiff's claims for disability benefits. Plaintiff notes that no reasons are given in the letter, nor does the letter refer to any findings made by the Physicians Health Committee.

Doc. 57 at 1-3.

Defendant contends in its Motion that Plaintiff cannot bring claims under several of the cited provisions. The following arguments have been advanced by Defendant:

1. Plaintiff's claims for civil penalties under ERISA § 502, 29 U.S.C. § 1132(a)(1)(A) and (C), the enforcement provisions for violations of §§ 1022, 1024 and 1133, must fail. Plaintiff has brought claims regarding Defendant's alleged failure to provide her with the plan's summary plan description ("SPD"), the procedure for filing a claim for long-term disability benefits ("LTD"), and a proper denial letter. Defendant contends that the record shows that it has not failed to provide any of these documents or directives.

3

2. Plaintiff's claims under ERISA § 510, 29 U.S.C. § 1140, must fail because she has failed to demonstrate that Defendant had the specific intent of interfering with her rights under ERISA.

3. Plaintiff's claims under ERISA § 404(a)(1), 29 U.S.C § 1104(a)(1), alleging breach of fiduciary duties must be dismissed because such a claim constitutes a violation of § 409, 29 U.S.C. § 1109, which is enforced only through § 502(a)(2), 29 U.S.C. § 1132(a)(2), and the Court has already dismissed Plaintiff's claims under § 502(a)(2). *See* Doc. 57.

4. Plaintiff's claims for equitable relief under ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), must be dismissed because such claims may only be pursued if a claimant has not also attempted to pursue a claim for benefits under § 502(a)(1)(B).

Plaintiff has filed her response in opposition to Defendant's Motion (Doc. 87), in which she cites from the record in response to each of Defendant's arguments. At no time does Plaintiff request additional discovery pursuant to Fed. R. Civ. P. 56(f) in order to defend her claims against Defendant's Motion.

## II. Legal standard

Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). The court is to determine "whether there is the need for a trial—whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). The court views the evidence of record and draws all reasonable inferences in the

light most favorable to the nonmoving party. *LaPointe v. United Autoworkers Local 600*, 8 F.3d 376, 378 (6th Cir. 1993).

Summary judgment is appropriate if the party that bears the burden of proof at trial does not establish an essential element of its case. *Tolton v. Am. Biodyne, Inc.*, 48 F.3d 937, 941 (6th Cir. 1995) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)). "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson*, 477 U.S. at 247-48 (emphasis in original). A fact is "material" only if its resolution will affect the outcome of the lawsuit. *Id.* at 248. Summary judgment should be denied if, based upon the evidence presented, "a reasonable jury could return a verdict for the nonmoving party." *Id.*

### III. Analysis

The Court will resolve Defendant's first two arguments, namely those under §§ 502 and 510, when it resolves the ERISA claims in the context of a motion for judgment on the administrative record. Both of the arguments require the Court to make findings regarding the factual background of this case and the administrative processing of Plaintiff's claims. Therefore, the Motion is DENIED as to those issues.

In its third argument, Defendant contends that the claims brought by Plaintiff under § 404(a)(1), 29 U.S.C. § 1104(a)(1), must fail because they are precluded by this Court's prior ruling on Plaintiff's claims under § 502(a)(2). Plaintiff has pled in her Second Amended Complaint (Doc. 58) that "[a]s the administrator of its disability benefits plan, Defendant breached its duty to act for the exclusive purpose of providing disability benefits to Dr. Dhillon in violation of 29 U.S.C. § 1104(a)(1)." Doc. 58 at 11.

Defendant has argued that liability for a claim of a breach of fiduciary duty is set forth in 29 U.S.C. § 1109.  Civil actions to impose liability under § 1109 are brought by means of 29 U.S.C. § 1132(a)(2), which provides that a civil action may be brought by "the Secretary, or by a participant, beneficiary or fiduciary for appropriate relief under section 1109 of this title."

The Sixth Circuit has held that "[§] 1109 authorizes relief only to the plan itself, not to individual beneficiaries." *Bryant v. Int'l Fruit Prod. Co., Inc.*, 886 F.2d 132, 135 (6th Cir. 1989) (quoting *Farrell v. Auto. Club of Michigan*, 870 F.2d 1129, 1133 (6th Cir. 1989); *see also Massachusetts Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 140 (1985).  This case law is clear.  To the extent that Plaintiff has attempted to bring a claim under § 1109 (in that her claim under § 1104 is cognizable only by means of § 1109), such a claim is dismissed, and Defendant's Motion is GRANTED as to that claim.

Defendant's final argument is that Plaintiff's claims for equitable relief under § 1132(a)(3) must fail as a matter of law because equitable relief is not available if a specific remedy is available for the denial of benefits.  In support of this argument, Defendant cites a number of cases, including *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1475 (9th Cir. 1997), in which the court found that § 1132(a)(1) had provided the plaintiffs an adequate remedy at law, rendering equitable relief under § 1132(a)(3) "inappropriate" according to the Supreme Court's decision in *Varity Corp. v. Howe*, 516 U.S. 489, 515 (1996).

In *Varity*, the plaintiffs clearly could not have proceeded under § 1132(a)(1)(B), because they were no longer members of the plan, nor could they have proceeded under § 1132(a)(2), because they were not bringing a claim on behalf of the plan for a breach of fiduciary duty under § 1109.  Therefore, it was clear to the Court that the plaintiffs could only seek a remedy under § 1132(a)(3).

The situation is not so clear in this instance.  While Plaintiff has raised a claim under § 1132(a)(1)(B), it is not yet clear whether that claim will ultimately prevail and therefore whether it is appropriate.  The cases cited by Defendant present much different procedural situations than arise here.  The parties have not yet briefed any motions for judgment on the administrative record.  The Court will reserve judgment on Plaintiff's claim under § 1132(a)(3) for its ruling on such a motion.  Therefore, Defendant's Motion is DENIED with respect to this issue.

### IV.     Motion to Strike and Motion to Withdraw

In response to Defendant's Reply in support of its Motion for Summary Judgment, Plaintiff filed a Motion to Strike the Reply (Doc. 95) or, in the alternative, to permit her to file a surreply *instanter*.  Within the Motion to Strike, Plaintiff argues first that Defendant's Reply is untimely, and second that Defendant included arguments in the Reply that were not included in the Motion.  In particular, Plaintiff asserts that Defendant now contends for the first time that Plaintiff is not and has not been disabled.  She further argues that discovery on the ERISA claims has not been permitted and that Defendant has withheld Plaintiff's medical records in defiance of the Court's order that all records by produced.

After Plaintiff filed her Motion to Strike, she later filed a Motion to Withdraw in part the Motion to Strike (Doc. 98).  Upon further consideration, Plaintiff concluded that Defendant's brief was timely and sought to withdraw that portion of her argument in her Motion to Strike.  Plaintiff's Motion to Withdraw (Doc. 98) is GRANTED.

Still remaining is Plaintiff's argument that Defendant has advanced new arguments in its Reply.  At no time prior to the filing of these Motions (Docs. 95, 98) has Plaintiff filed any motions seeking discovery.  A passing mention in a motion to strike a reply is not the proper forum to bring to the Court's attention any alleged violation of the Court's discovery orders or to

present to the Court any arguments for opening ERISA-related discovery. Furthermore, even if it were the proper forum, Plaintiff makes no attempt to identify in these Motions what records she believes were withheld. Finally, the Court does not find that new issues have been raised in Defendant's Reply brief. For all of these reasons, Plaintiff's Motion to Strike is DENIED.

**IV. Conclusion**

For the foregoing reasons, Defendant's Motion is GRANTED IN PART and DENIED IN PART. Any claim raised by Plaintiff pursuant to 29 U.S.C. § 1104 (as enforced via § 1109 and § 1132(a)(2)) is dismissed. The Court reserves judgment on all other claims, and will entertain argument regarding those claims in a motion for judgment on the administrative record.

IT IS SO ORDERED.

DATED: January 4, 2010         */s/ John R. Adams*
                               Judge John R. Adams
                               UNITED STATES DISTRICT COURT